UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT KNOXVILLE

| | |
|---|---|
| THEODUS DAVIS, on behalf of himself and those similarly situated, | ) ) ) |
| Plaintiff, | ) ) ) |
| v. | ) No. 3:16-CV-674-TRM-HBG ) |
| COLONIAL FREIGHT SYSTEMS, INC., *et al.*, | ) ) |
| Defendants. | ) |

## MEMORANDUM AND ORDER

This case is before the undersigned pursuant to 28 U.S.C. § 636, the Rules of this Court, and Standing Order 13-02. On October 19, 2017, the parties appeared before the undersigned telephonically to address the status of discovery with regard to depositions, the need to extend the motion deadline for conditional certification, and the parties' efforts in resolving matters raised in the Plaintiff's Motion to Compel Production [Doc. 44] which is currently being held in abeyance [Doc. 53]. Attorney Joshua Boyette and Travis Martindale-Jarvis appeared on behalf of the Plaintiff. Attorney Richard Hollow appeared on behalf of the Defendants.

The parties first addressed the status of depositions in this case. Currently, defense depositions are scheduled to take place in Knoxville, Tennessee on November 20 and 21, 2017. The Defendants, however, recently noticed the Plaintiff that his deposition would take place in Knoxville on November 3, 2017. During the status hearing, the Plaintiff, who resides in Texas, explained that he does not oppose traveling to Knoxville to be deposed but argued that because the Defendants recently noticed him, making arrangements to travel to Knoxville on such short notice would create a significant economic hardship on him, specifically due to the fact he just started a new job. The Defendants responded that the date of notice was a result of having only recently

received the Plaintiff's responses to written discovery. The Defendants also take the position that as a general rule, a plaintiff's deposition should be taken first.

Pursuant to Federal Rule of Civil Procedure 30(b)(1), the location and time of a deposition is generally selected by the party giving notice of the deposition. The Rule also requires, however, that "reasonable written notice" be given. *Id.* When a dispute arises over the scheduling of a deposition, this Court has wide discretion in resolving the matter. *See Brasfield v. Source Broadband Servs.*, LLC, 255 F.R.D. 447, 449 (W.D. Tenn. 2008) (observing that "the court has wide discretion regarding designation of the time and place of the deposition"). The Court's power is derived from Rule 26(c), which allows courts "to limit discovery to prevent 'annoyance, embarrassment, oppression, or undue burden or expense,' including with regard to the designation of the time and place of depositions." *Scooter Store, Inc. v. Spinlife.com, LLC*, No. 2:10-CV-18, 2011 WL 2118765, at *1 (S.D. Ohio May 25, 2011) (quoting Fed. R. Civ. P. 26(c)(1)).

In the present matter, the Court finds that the Defendants have not provided "reasonable written notice" in that the Plaintiff has not been given a sufficient amount of time to appear in Knoxville from the date of notice. The Plaintiff is entitled to more time to make the necessary work and travel arrangements. Requiring the Plaintiff to appear in Knoxville on November 3 would create an undue hardship on the Plaintiff. While the Court agrees that it is generally preferable for a plaintiff to be deposed first, it is not a requirement. This is particularly true in such cases as the instant matter where the named plaintiff has sued under the Fair Labor Standards Act and is therefore only the representative of a group. At the same time, the Court finds that it would not be reasonable to require the Defendants to travel to Texas to do a deposition on November 3. That choice will be left to the Defendants. If they choose to go to Texas, the Plaintiff's deposition may proceed on that day. In any event, the Court **ORDERS** that the

2

Case 3:16-cv-00674-TRM-HBG   Document 54   Filed 10/20/17   Page 2 of 3   PageID #: 561

Plaintiff's deposition be taken prior to **December 22, 2017**. Furthermore, the Plaintiff is **ADMONISHED** to work in good faith in making himself available as soon as possible for deposition in Knoxville.

With respect to the Plaintiff's request that the deadline for filing a motion for conditional certification be extended, the Court **GRANTS** the request, and the deadline is extended to **December 22, 2017**.

Finally, as to the Plaintiff's Motion to Compel [Doc. 44], the parties will continue to meet and confer in an attempt to resolve any outstanding discovery disputes. Therefore, the Court will continue to hold in abeyance the Plaintiff's Motion to Compel [Doc. 44]. The parties shall contact chambers for another telephone conference should any discovery issues arise.

**IT IS SO ORDERED.**

ENTER:

_____
United States Magistrate Judge