UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT KNOXVILLE

| | |
|---|---|
| THEODUS DAVIS, on behalf of himself and those similarly situated, | )<br>)<br>) |
| Plaintiff, | )<br>) |
| v. | ) No. 3:16-CV-674-TRM-HBG<br>) |
| COLONIAL FREIGHT SYSTEMS, INC., *et al.*, | )<br>) |
| Defendants. | ) |

## MEMORANDUM AND ORDER

This case is before the undersigned pursuant to 28 U.S.C. § 636, the Rules of this Court, and Standing Order 13-02.

Now before the Court is Defendants' Motion to Compel the Production of Plaintiff's Tax Returns [Doc. 90]. The parties appeared telephonically before the Court on April 11, 2018, for a motion hearing. Attorneys Justin Swidler and Travis Martinndale-Jarvis appeared on behalf of Plaintiff. Attorneys E. Ashley Paynter, Christopher Eckhart, and Richard Hollow appeared on behalf of Defendants. Accordingly, for the reasons set forth below, the Court **GRANTS** Defendants' Motion [**Doc. 90**].

### I. POSITIONS OF THE PARTIES

Defendants request [Doc. 90] that the Court compel the production of Plaintiff's tax returns. For grounds, Defendants state that they served Plaintiff with Requests for Production of Documents and Things ("Requests for Production") on July 14, 2017. The Requests for Production sought Plaintiff's state and federal income business and personal income tax returns for the years 2010 through 2016. Plaintiff objected to this Request for Production and also asserted that he was not in possession of his state and federal tax returns. Plaintiff has since produced a

copy of his 2012 federal income tax return.  Later, Plaintiff stated that due to an error on the part of counsel's staff, Plaintiff received "certain summaries" from the Internal Revenue Service ("IRS") but could not confirm their accuracy.  In addition, Plaintiff interposed a new objection on the basis of the Fifth Amendment.  Subsequently, Plaintiff stated that he did not have custody or control over the tax returns and that upon receipt, he would review them and decide whether to object.  Defendants assert that Plaintiff's tax returns are relevant because he claims that he was misclassified as an independent contractor and that Defendant Colonial Freight Systems, Inc., ("Colonial") failed to pay him minimum wage.  Defendants explain that his 2014 through 2016 state and federal tax returns will shed light on how Plaintiff classified himself, how he claimed his expenses (i.e., truck lease payments, fuel and operating costs), and the net income amount Plaintiff claimed.

Plaintiff responded in opposition [Doc. 97], arguing that the Court should refrain from deciding Defendants' Motion to Compel until after Plaintiff has received his tax returns from the IRS and after Plaintiff has decided whether to stand on his prior objection to producing the same. Plaintiff states that Defendants sought Plaintiff's tax returns from 2010 to 2016 but that Plaintiff only worked for 2014 through 2016.  Plaintiff continues that his tax returns are not in his control. Plaintiff explains that his counsel requested the tax information in December 2017, but Plaintiff received a tax transcript, which is an IRS-created summary containing information purportedly from the tax return.  Plaintiff properly requested the tax returns on March 15, and his request is currently pending.  Plaintiff states that once he receives and reviews the tax returns, he will be in a better position to assess his objections.  Plaintiff requests the Court to hold the Motion to Compel in abeyance until Plaintiff has received the tax returns.  Plaintiff states that once he receives his tax returns, he will produce the records or renew/continue his objections and submit a supplement

to the Court explaining the basis of such objections. Plaintiff also asserts that the tax returns are not relevant and that he should not have to submit his tax returns in order to prosecute this case. Plaintiff explains that there is no dispute that Defendant Colonial classified him as an independent contractor, Plaintiff believes his tax preparer followed Defendant Colonial's designation, and he does not intend to argue that he told the IRS that he was an employee. Plaintiff submits that how he classified his expenses on his tax return is irrelevant because Defendant Colonial never paid him his expenses.

**II.    ANALYSIS**

As mentioned above, the Court held a hearing on April 11, 2018. During the hearing, Defendants argued that the tax returns are relevant, not just with respect to how Plaintiff classified his expenses, but whether Plaintiff received income from other sources. Plaintiff argued that Defendants' request was premature because Plaintiff does not have his tax returns. Plaintiff responded that with respect to other income sources, Defendants asked this question during his deposition. Plaintiff continued that his tax returns are only relevant if he worked elsewhere at the time he worked for Colonial, and there is no evidence that he worked elsewhere. Plaintiff argued that as a truck driver, he was required to track his hours by law.

The Court has carefully considered the parties' arguments. As an initial matter, Plaintiff requests that the Court hold the Motion to Compel in abeyance. The Court finds this request not well taken, given that the discovery requests were served in July 2017. Accordingly, Plaintiff's request is denied.

The next question before the Court is whether Plaintiff's tax returns are discoverable. Federal Rule of Civil Procedure 26(b)(1) governs the scope of discovery and provides that "[p]arties may obtain discovery regarding any nonprivileged matter that is relevant to any party's

claim or defense and proportional to the needs of the case . . ." The Court finds that Plaintiff's tax returns are relevant with respect to the time period that he worked for Defendant Colonial. *See also Queen v. City of Bowling Green*, No. 1:16-CV-00131-JHM, 2017 WL 4355689, at *7 (W.D. Ky. Sept. 29, 2017) (explaining that "[i]t is well settled in the Sixth Circuit that tax returns are not privileged from disclosure") (citing *DeMarco v. C & L Masonry, Inc.,* 891 F.2d 1236, 1240 (6th Cir. 1989) (other citations omitted). Specifically, the Court finds Plaintiff's tax returns to be relevant in light of the nature of the dispute (i.e., whether Plaintiff was misclassified as an independent contractor). *See Keller v. Miri Microsystems LLC*, 781 F.3d 799, 807 (6th Cir. 2015) ("If a worker has multiple jobs for different companies, then that weighs in favor of finding that the worker is an independent contractor."). The Court, however, is mindful that Plaintiff is not currently in possession of his tax returns but that he has initiated the process to receive the tax returns. Accordingly, the Court expects Plaintiff to produce the tax returns without delay once he receives them.[1]

### III.  CONCLUSION

Accordingly, for the reasons explained above, Defendants' Motion to Compel the Production of Plaintiff's Tax Returns [**Doc. 90**] is **GRANTED**. Once Plaintiff receives a copy of his federal and state tax returns from 2014 through 2016, he **SHALL** provide Defendants a copy without delay.

**IT IS SO ORDERED.**

ENTER:

Bruce Guyton
United States Magistrate Judge

---

[1] The Court observes that Plaintiff also states that his tax returns are confidential. The parties are free, however, to submit a joint motion and an agreed order protective order, consistent with Federal Rule of Civil Procedure 26(c), with respect to any documents produced in discovery that are confidential.