UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT KNOXVILLE

| | | |
|---|---|---|
| THEODUS DAVIS, on behalf of himself and those similarly situated, | ) ) ) | Case No. 3:16-cv-674 |
| *Plaintiff*, | ) ) | Judge Travis R. McDonough |
| v. | ) ) | Magistrate Judge H. Bruce Guyton |
| COLONIAL FREIGHT SYSTEMS, INC., PHOENIX LEASING OF TENNESSEE, INC., RUBY MCBRIDE, and JOHN DOES 1–10, | ) ) ) ) ) | |
| *Defendants*. | ) | |

## MEMORANDUM OPINION

Before the Court is a motion for judgment on the pleadings pursuant to Federal Rule of Civil Procedure 12(c), filed by Defendants Colonial Freight Systems, Inc., Phoenix Leasing of Tennessee, Inc., and Ruby McBride (collectively, "Defendants") (Doc. 126).[1] For the reasons stated hereafter, Defendants' motion will be **DENIED**.

### I.  PROCEDURAL BACKGROUND

Plaintiff filed his original complaint in the United States District Court for the District of New Jersey on September 20, 2016, on behalf of himself and those similarly situated, through attorneys Joshua S. Boyette, Justin L. Swidler, and Travis Martindale-Jarvis, all of whom are

---

[1] Defendants' motions for partial summary judgment (Doc. 119) and decertification of the Fair Labor Standards Act collective action (Doc. 124) are also pending but will be addressed in a separate opinion. In connection with Defendants' motion for partial summary judgment, the opt-in plaintiffs have filed an unopposed motion for leave to supplement the record (Doc. 156), which the Court hereby **GRANTS**.

admitted to practice before the District of New Jersey.  (Doc. 1; Doc. 144-1, at 1–2.)  On November 30, 2016, the case was transferred to this Court after the parties consented to the transfer.  (Docs. 12, 13.)  That day, the Clerk entered notices of deficiency for two of Defendants' attorneys, directing them to file a *pro hac vice* motion.  The Clerk did not, however, enter a notice of deficiency for Boyette, Swidler, or Martindale-Jarvis.  (*See* Docs. 15, 16.)  Each of the three attorneys has made at least one filing under his signature since that time (*see, e.g.*, Docs. 45, 61, 64, 93, 94, 99, 104), although, until recently, none of the three applied for, or was admitted, *pro hac vice*.  Swidler and Boyette mistakenly represented that they were admitted *pro hac vice* in at least one filing.  (*See, e.g.*, Docs. 70-1, 104.)

On December 14, 2018, more than two years after this case was transferred to this Court, the Clerk issued notices of deficiency for Boyette, Swidler, and Martindale-Jarvis.[2]  (Docs. 120–122.) On December 21, 2018, Defendants moved for judgment on the pleadings, on the grounds that Boyette, Swidler, and Martindale-Jarvis's failure to move for admission *pro hac vice* renders all of their filings in this district a "nullity."  (Doc. 127, at 2.)  Five days later, on December 26, 2018, these attorneys moved for admission *pro hace vice* and were, of course, admitted on December 27, 2018.  (Docs. 129–131, 134.)

On January 25, 2019, Swidler filed a declaration with Plaintiff's response to Defendants' motion for judgment on the pleadings, averring that he, Boyette, and Martindale-Jarvis "did not realize that [they] had not filed a motion for admission *pro hac vice* in this matter until this Court issued a Notice of Deficiency . . . [because] all of [them] were previously registered for this Court's ECF filing system as [they] have been previously admitted *pro hac vice* before this

---

[2] An attorney who has no role in this case and who is not affiliated with any firm in this case called the Clerk to report this transgression, inspiring these notices of deficiency.

2

Court." (*Id.* at 2.) Finally, Swidler apologized to the Court and has "reviewed [his firm's] policies and procedures to ensure that such an oversight will not happen again." (*Id.* at 2.) Defendants' motion for judgment on the pleadings is now ripe for the Court's review.

## II. STANDARD OF LAW

Normally, on a motion under Federal Rule of Civil Procedure 12(c), the standard is the same as that for a motion under Rule 12(b)(6). The Court must accept all well-pleaded material allegations of the pleadings of the opposing party as true, and it may grant the motion only if the moving party is nevertheless clearly entitled to judgment as a matter of law. *JPMorgan Chase Bank, N.A. v. Winget*, 510 F.3d 577, 581 (6th Cir. 2007). However, Defendants' Rule 12(c) motion rests entirely upon the argument that the Court should strike any filings by Messrs. Boyette, Swidler, Martindale-Jarvis in this district—including the Amended Complaint—and then, based on the purported absence of any complaint, dismiss this action in its entirety. Defendants make no *substantive* argument about the adequacy of either the Amended Complaint (which they seek to have stricken) or the original Complaint (which they do not challenge). (*See generally* Doc. 127.) Thus, the "legal standard" to which Defendants devote more than a page in their opening memorandum has nothing to do with the question before the Court. In fairness, this is not a Rule 12(c) motion.

Defendants also do not rely on Rule 11(c) to seek dismissal of this action as a sanction for Plaintiff's attorneys' failure to seek admission *pro hac vice*.

Left with no explicit authority on which to consider Defendants' motion, the Court will interpret the motion as a request to use its inherent authority to secure the just, speedy, and inexpensive determination of this action. *See* Fed. R. Civ. P. 1.

## III. ANALYSIS

Defendants appear to assert that, because Plaintiffs' attorneys signed and filed items with the Court before being admitted *pro hac vice*, as Local Rule 83.5(b)(1) requires, the Court should strike these items from the record and then—in the absence the amended complaint—grant judgment in favor of Defendants under Federal Rule of Civil Procedure 12(c). (Doc. 27, at 1–2.) Local Rule 83.5(b)(1) states, in relevant part:

> Upon motion, attorneys who are members in good standing of the bar of the highest court of a state, territory or the District of Columbia and who are admitted to and entitled to practice in another United States District Court may be permitted to practice specially in this district *pro hac vice* in a particular case, provided it is certified by the presiding judge or clerk of the other district court that the attorney is a member in good standing of that court's bar. Said certificates must be no more than 30 days old and should be filed with the motion for admission *pro hac vice*. If the motion is not filed contemporaneously with the first pleading, it **must** be filed, and the motion granted, before the attorney proceeds further in the case. Attorneys desiring to appear *pro hac vice* shall pay a fee of $90.00 upon filing of such motion.

E.D. Tenn. L.R. 83.5(b)(1) (emphasis in original). Plaintiff's attorneys have, without question, violated this rule. But, even if the Court struck every filing that Plaintiff's counsel made in violation of Local Rule 83.5(b)(1), there would still remain the original complaint, which was—undisputedly—signed and filed in compliance with every applicable rule. (Doc. 1.) Defendants contend that if the Court grants their request of striking the amended complaint, the case will be subject to dismissal because there will no longer be an operative complaint, because when Plaintiff filed his amended complaint, the "amended complaint [having] supersede[d] the original complaint in all respects." (Doc. 154, at 14.) But this argument is nonsensical—if the Court adopts Defendants' assertion that the amended complaint was a nullity from the moment of its filing, the original complaint was never superseded. Defendants have not established that

they are entitled to judgment on the pleadings, because they fail to address the substance of the original complaint.

Defendants also point generally to Federal Rule of Civil Procedure 11(a), which states, in relevant part: "The court must strike an unsigned paper unless the omission is promptly corrected after being called to the attorney's or party's attention." (Doc. 127, at 9–10.) But Plaintiff's attorneys have done as much as the Court could expect from anyone to promptly correct the issue at hand after the Clerk brought it to their attention, and Defendants make no argument to the contrary.

Finally, there is no reason to deprive Plaintiff's counsel of an opportunity to cure any defective filing, any more than there is a reason to deprive Defendants' counsel an opportunity to comply with Rule 11(a) of the Federal Rules of Civil Procedure and Rule 6 of the Eastern District of Tennessee Electronic Case Filing Rules and Procedures upon receiving notice that the Declaration of Elizabeth A. Culhane (Doc. 155) does not include Ms. Culhane's address, email address, telephone number, or Board of Responsibility registration number. To do otherwise would change nothing about the ultimate outcome in this case, would cause unnecessary delay, would needlessly waste the resources of the both the Court and the parties, and would be unjust under the circumstances.

## IV. CONCLUSION

Because the amended complaint was signed by Martindale-Jarvis, who is now admitted *pro hac vice*, the Court **DEEMS** the defect cured without having resulted in any prejudice to Defendants. (Doc. 61.)

**SO ORDERED.**

/s/ *Travis R. McDonough*
**TRAVIS R. MCDONOUGH
UNITED STATES DISTRICT JUDGE**