UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT KNOXVILLE

| | |
|---|---|
| THEODUS DAVIS, on behalf of himself and those similarly situated, | ) ) ) |
| Plaintiffs, | ) ) |
| v. | ) No. 3:16-CV-674-TRM-HBG ) |
| COLONIAL FREIGHT SYSTEMS, INC., *et al.*, | ) ) |
| Defendants. | ) |

## REPORT AND RECOMMENDATION

This case is before the undersigned pursuant to 28 U.S.C. § 636, the Rules of this Court, and the referral Order [Doc. 202] of the District Judge.

Now before the Court is Defendants' Motion for Reconsideration of Denial of Motion to Extend Schedule [Doc. 200]. By way of background, the District Judge ordered the parties to confer and submit a joint status update and propose an amended scheduling order. The parties did not propose a scheduling order and instead outlined a number of discovery disputes. Thus, the District Judge declined to extend any deadlines in this case. In Response, Defendants filed the instant Motion, which proposes an amended Scheduling Order. [Doc. 200-1].

The undersigned addressed the Motion at a telephonic hearing on November 14, 2019. Attorneys Josh Boyette and Justin Swidler appeared on behalf of Plaintiffs. Attorneys Scott Simmons, Bradford Harvey, and Richard Hollow were present on behalf of Defendants. Defendant Ruby McBride also participated in the telephone hearing. Prior to the hearing, the Court instructed the parties to complete and submit a chart outlining the remaining discovery disputes and detailing the parties' respective positions. The Court has reviewed the chart and notes that a number of discovery disputes appear to be moot or will be resolved within the next few days.

During the telephonic hearing, the Court addressed the discovery disputes with the parties. The parties represented to the Court that they are making progress and that they could resolve a majority of the remaining disputes with an additional meet and confer.  Accordingly, the Court scheduled another telephonic status conference for **December 5, 2019, at 2:00 p.m.**  The parties **SHALL** submit to Chambers a chart, similar to the chart previously submitted, outlining any remaining discovery disputes by **NOON on December 4, 2019.**

The Court has considered Defendants' request for an amended Scheduling Order, and the Court finds that Defendants have established good cause for an extension of the deadlines.  *See* Fed. R. Civ. P. 16(b)(4) (explaining that a scheduling order may be modified only for good cause and with the judge's consent).   The Court notes that this case was filed in 2016, and the parties have been granted several extensions.  As the District Judge acknowledged, each extension has resulted in little progress in this case.  Nevertheless, at the hearing, the parties explained the voluminous discovery that had been exchanged and highlighted their efforts in preparing this case for trial.   The parties also explained the remaining discovery disputes, which they hoped to be resolved within the next few weeks.  While much discovery has been exchanged, the parties still have much discovery to conduct given that this case involves approximately 184 opt-in plaintiffs and a class action.  The facts of this case are not complicated, but the number of opt-in Plaintiffs and class action allegations support the parties' request for additional time to adequately prepare this case for trial.  The Court finds that the deadlines in the proposed scheduling order will keep the parties on track to try this case without further delay.

Accordingly, for the reasons stated above, the Court **RECOMMENDS**[1] that Defendants' Motion for Reconsideration of Denial of Motion to Extend Schedule [**Doc. 200**] be **GRANTED**.

---

[1] Any objections to this Report and Recommendation must be served and filed within fourteen (14) days after service of a copy of this recommended disposition on the objecting party.

The Court further **RECOMMENDS** that the proposed scheduling order [Doc. 200-1] be **ADOPTED**.

Respectfully submitted,

_____
United States Magistrate Judge

---

Fed. R. Civ. P. 72(b)(2). Such objections must conform to the requirements of Federal Rule of Civil Procedure 72(b). Failure to file objections within the time specified waives the right to appeal the District Court's order. *Thomas v. Arn*, 474 U.S. 140, 153-54 (1985). "[T]he district court need not provide *de novo* review where objections [to the Report and Recommendation] are '[f]rivolous, conclusive or general.'" *Mira v. Marshall*, 806 F.2d 636, 637 (6th Cir. 1986) (quoting *Nettles v. Wainwright*, 677 F.2d 404, 410 n.8 (5th Cir.1982)). Only specific objections are reserved for appellate review. *Smith v. Detroit Federation of Teachers*, 829 F.2d 1370, 1373 (6th Cir. 1987).