# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF TENNESSEE
# AT KNOXVILLE

| | | |
|---|---|---|
| THEODUS DAVIS, on behalf of himself and those similarly situated, | ) ) ) | Case No. 3:16-cv-674 |
| *Plaintiff*, | ) ) | Judge Travis R. McDonough |
| v. | ) ) | Magistrate Judge H. Bruce Guyton |
| COLONIAL FREIGHT SYSTEMS, INC., et al., | ) ) ) ) | |
| *Defendants*. | ) | |

## ORDER

On November 19, 2019, United States Magistrate Judge H. Bruce Guyton filed his report and recommendation (Doc. 204) pursuant to 28 U.S.C. § 636(b)(1) and Federal Rule of Civil Procedure 72(a). After holding a telephonic hearing and reviewing this case's procedural history and the parties' remaining discovery disputes, Magistrate Judge Guyton concluded that "the deadlines in the [parties'] proposed scheduling order will keep the parties on track to try this case without further delay." (Doc. 204, at 2.) Accordingly, Magistrate Judge Guyton recommended that the Court grant Defendants' motion for reconsideration of the Court's denial of their motion to amend the scheduling order (Doc. 200). (*Id.*) Magistrate Judge Guyton further recommended that the Court adopt the parties' proposed scheduling order (Doc. 200-1). (*Id.* at 3.)

Neither party filed timely objections to Magistrate Judge Guyton's report and recommendation.[1] Nevertheless, the Court has reviewed the report and recommendation, as well

---

[1] Magistrate Judge Guyton specifically advised the parties that they had 14 days in which to object to the report and recommendation and that failure to do so would waive their right to

as the record, and it agrees with Magistrate Judge Guyton's well-reasoned conclusions. The Court **ACCEPTS** and **ADOPTS** the report and recommendation (Doc. 204). The Court **GRANTS** Defendants' motion for reconsideration (Doc. 200) and **ADOPTS** the parties' proposed scheduling order (Doc. 200-1).

**SO ORDERED.**

/s/ *Travis R. McDonough*
**TRAVIS R. MCDONOUGH**
**UNITED STATES DISTRICT JUDGE**

---

appeal. (Doc. 204, at 2); *see* Fed. R. Civ. P. 72(a); *see also Thomas v. Arn*, 474 U.S. 140, 148–51 (1985) (noting that "[i]t does not appear that Congress intended to require district court review of a magistrate's factual or legal conclusions, under a *de novo* or any other standard, when neither party objects to those findings"). Even taking into account the three additional days for service provided by Fed. R. Civ. P. 6(d), the period in which the parties could timely file any objections has now expired.